MILDRED MEDEIROS *vs.* NORMAN T. PERRY.

Bristol. October 26, 1954. — February 1, 1955.

Present: QUA, C.J., LUMMUS, WILKINS, SPALDING, & WILLIAMS, JJ.

*Negligence,* Motor vehicle. *Conflict of Laws. Evidence,* Judicial notice, Foreign law.

The law of Rhode Island, where the closing of a door of an automobile by its operator injured the finger of a guest rider, determined the question of liability of the operator to the guest.

This court under G. L. (Ter. Ed.) c. 233, § 70, took judicial notice of the law of Rhode Island with respect to the liability of the operator of an automobile to a guest rider injured there, even though that law was not brought to the attention of the trial court.

Evidence merely that the operator of an automobile, while preparing to leave Rhode Island, opened a door of the automobile, threw a camera in, and closed the door "fast," injuring a finger of a guest rider standing near the automobile with her hand on the hinge of the door, did not warrant a finding of ordinary negligence on the operator's part.

TORT. Writ in the Superior Court dated March 6, 1951. The action was tried before *Murray,* J.

In this court the case was submitted on briefs.

*William A. Torphy,* for the plaintiff.

*Charles R. Desmarais,* for the defendant.

LUMMUS, J. The only exception of the plaintiff in this case is to the direction of a verdict for the defendant. There was evidence tending to prove the following facts. The plaintiff was one of a party of persons who on July 30, 1950, went from Fall River into Rhode Island as guest riders in an automobile owned and operated by the defendant. While preparing about five o'clock in the afternoon to leave Rhode Island on the return trip, the plaintiff stood near the automobile facing its front with her left hand on the hinge of its door. Her hand remained in that position until the accident. The defendant opened the door, threw a camera into the automobile, and closed the door "fast" hurting the plaintiff's finger.

Since the accident happened in Rhode Island, the law of that State governs the question of liability. *Levy* v. *Steiger,* 233 Mass. 600. *Copithorn* v. *Boston & Maine Railroad,* 301 Mass. 510, 514. *Peterson* v. *Boston & Maine Railroad,* 310 Mass. 45, 47. *Pilgrim* v. *MacGibbon,* 313 Mass. 290. *Trudel* v. *Gagne,* 328 Mass. 464, 465–466. In Rhode Island a guest rider in an automobile can recover for ordinary negligence, and need not prove gross negligence. *Leonard* v. *Bartle,* 48 R. I. 101. *Garabedian* v. *Dizjin,* 58 R. I. 74. By St. 1926, c. 168, now G. L. (Ter. Ed.) c. 233, § 70, our courts may take judicial notice of the law of Rhode Island, even though it was not brought to the attention of the trial court. *Hiller* v. *American Telephone & Telegraph Co.* 324 Mass. 24.

The bill of exceptions does not show how the defendant approached the door. He may have come up to the door behind the plaintiff. Her body may have prevented him from seeing her hand. In our opinion the facts necessary to a determination of the defendant's negligence were not made to appear.                    *Exceptions overruled.*