Hillsborough,
No. 5108.

### NITA THOMPSON *v.* DONALD THOMPSON.

Argued June 4, 1963.

Decided July 30, 1963.

*McLane, Carleton, Graf, Greene & Brown* and *G. Peter Guenther* (*Mr. Guenther* orally), for the plaintiff.

*Devine, Millimet, McDonough, Stahl & Branch* and *John S. Holland* (*Mr. Holland* orally), for the defendant.

WHEELER, J. The only issue presented is whether a wife may maintain an action in this state to recover for injuries allegedly caused by the gross negligence of her husband while operating a motor vehicle in Massachusetts, where it is held that no cause of action can arise for such a wrong. *Callow* v. *Thomas*, 322 Mass. 550.

It is not disputed that it is well-settled law in this jurisdiction that although a wife may maintain an action of tort against her husband for acts of negligence committed here, her right to recover against him for such acts committed in another jurisdiction is determined by the law of that jurisdiction. *Gray* v. *Gray*, 87 N. H. 82; *Morin* v. *Letourneau*, 102 N. H. 309.

It is concededly the law of Massachusetts that no cause of action arises in favor of husband and wife for a tort committed there by the other during coverture. In *Callow, supra,* 552, the court said "recovery is denied in such a case not merely because of disability of one spouse to sue the other during coverture, but for the more fundamental reason that because of the marital relationship no cause of action ever came into existence."

Notwithstanding the array of authorities which support the position adopted in *Gray* v. *Gray, supra,* the plaintiff urges that in the light of recent trends supporting the view that interspousal immunity is to be determined according to the law of the domicile of the parties, we re-examine *Gray, supra,* and "announce a rule which will do justice to the litigants and at the same time make a major contribution to the law of conflict of laws." See Ehrenzweig, Conflict of Laws 581-583 (1962).

In support of this trend the plaintiff submits, among others, the following authorities: *Emery* v. *Emery*, 45 Cal. 2d 421; *Koplik* v. *C. P. Trucking Corp.*, 27 N. J. 1; *Haumschild* v. *Continental Casualty Co.*, 7 Wis. 2d 130 (specifically overruling *Buckeye* v. *Buckeye*, 203 Wis. 248); Ford: Interspousal Liability for Automobile Accidents in the Conflict of Laws: Law and Reason Versus the Restatement, 15 U. Pitt. L. Rev. 397 (1954); Hancock, The Rise and Fall of *Buckeye* v. *Buckeye*, 1931-1959: Marital Immunity for Torts in Conflict of Laws, 29 U. Chi. L. Rev. 237 (1962); Restatement (Second), Conflict of Laws, *s.* 390g (Tentative draft No. 8).

The tentative draft of the Restatement (Second), Conflict of Laws, *s.* 390g provides: "Whether one member of a family is immune from tort liability to another member of the family is determined by the local law of the state of their domicil." See *comments* a and b. We think this is a significant change of position from that formerly adopted by the Restatement. It concededly adopts the holdings of recent decisions in the field (see Reporter's note to *s.* 390g, *supra*), and undoubtedly reflects the influence of present-day writers who advance the argument that in suits arising from family relationship, it is sensible and logical to have disabilities to sue and immunities from suit determined by the law of the family domicile. Ford, *supra*, advances the proposition that to adopt and apply the law of a sister state without establishing as a prerequisite to the adoption of the foreign rule that it not frustrate any domestic policy of the forum would seem to be an evasion of the court's responsibility. *Emery* v. *Emery*, 45 Cal. 2d 421.

The ruling of the Trial Court in granting the defendant's motion to dismiss was clearly in accordance with our existing law. *Gray* v. *Gray*, 87 N. H. 82; *Boisvert* v. *Boisvert*, 94 N. H. 357. *Miltimore* v. *Company*, 89 N. H. 272; *Lumbermens Mut. Cas. Co.* v. *Blake*, 94 N. H. 141. It is highly desirable that well-settled law shall not be struck down without compelling reason. In the light of the well-reasoned recent decisions casting doubt upon the rule established in *Gray* v. *Gray, supra*, and subsequent cases, we believe that the time has come to re-examine the position taken by our cases.

Rules prohibiting interspousal suits are thought to have two purposes; the preservation of domestic harmony, and the avoidance of collusive suits. But since the law of this jurisdiction permits interspousal suits without fear of collusion or of discord among the families within its borders, suit between New Hampshire spouses is hardly the concern of Massachusetts. In *Emery* v. *Emery*, 45 Cal. 2d 421, 428 the court pointed out: "We think that disabilities to sue and immunities from suit because of a family relationship are more properly determined by reference to the law of the state of the family domicile." See also, *Koplik* v. *C. P. Trucking Corp.*, 27 N. J. 1; *Haumschild* v. *Continental Casualty Co.*, 7 Wis. 2d 130; Ehrenzweig, Conflict of Laws 581-583 (1962).

As the plaintiff points out, in each case but one (*Boisvert* v. *Boisvert, supra*) decided since we have followed *Gray* v. *Gray*,

*supra*, a basis for recovery has been found. See *Miltimore* v. *Company*, *supra*; *Morin* v. *Letourneau*, *supra*. The case of *Buckeye* v. *Buckeye*, 203 Wis. 248, relied upon as authority for the rule adopted in *Gray* v. *Gray* has since been overruled. *Haumschild* v. *Continental Casualty Co.*, 7 Wis. 2d 130, *supra*. The Restatement, also relied upon, is in process of revision. And as the opinion on *Gray* itself indicates, the law of a foreign jurisdiction is binding upon the forum only to the extent that the law of the forum makes it so. "The local law is that the foreign rights will be enforced." *Gray* v. *Gray*, 87 N. H. 82, *supra*, 87. In *Gray*, *supra*, at page 89 this court said, "The *lex loci* is applied because this is deemed to be the sensible course to pursue. When a point is reached where further application is futile and ridiculous the process is cut short." We think it is time for the process to be "cut short," and that the *lex loci* should no longer be applied to determine the inter-spousal rights of parties domiciled here.

We have no doubt that the law of the jurisdiction where a tort is committed should continue to determine the applicable standard of care. Restatement (Second), Conflict of Laws (Tentative draft No. 8). *Ss.* 379, 379a, 380. Under the law of Massachusetts, a defendant is liable to a guest-passenger for negligent conduct in that jurisdiction if he was grossly negligent. That law should determine the standard of care applicable to this defendant for his conduct. We are persuaded however that since the parties are both domiciled as husband and wife in New Hampshire, the law of this jurisdiction, rather than that of Massachusetts, should determine whether the plaintiff may maintain her action against her husband. *Id., s.* 390g, *supra*. We consider that the incidents of the status of marriage of parties domiciled here should not be determined by the law of another jurisdiction merely because they chance to be involved in an accident there.

Accordingly we hold that the question of whether the defendant is immune from liability to his wife is governed by the law of New Hampshire where both are domiciled, and that under that law such immunity does not exist. *Gray* v. *Gray*, 87 N. H. 82, which establishes a contrary principle and subsequent decisions, to the extent that they apply the same principle, are overruled. Ehrenzweig, Conflict of Laws 581-583 (1962).

*Exceptions sustained; remanded.*

All concurred.