Rockingham,
No. 5386.

## LOUISE JOHNSON *v.* ERIC H. JOHNSON.

Argued September 10, 1965.
Decided January 31, 1966.

*Nelson, Winer & Lynch* and *Henry F. Spaloss* ( *Mr. Spaloss* orally ), for the plaintiff.

*Wiggin, Nourie, Sundeen, Nassikas & Pingree* and *Dort S. Bigg* ( *Mr. Bigg* orally ), for the defendant.

KENISON, C. J. Under New Hampshire law a wife may recover damages in a tort action against her husband. *Miltimore* v. *Company*, 89 N. H. 272; *Morin* v. *Letourneau*, 102 N. H. 309; RSA 460:2. Under Massachusetts law such actions are not permitted. *Callow* v. *Thomas*, 322 Mass. 550. Thus there is a conflict between the law of the forum and the place of injury in New Hampshire which has abolished interspousal immunity and the law of common domicile and residence of the husband and wife in Massachusetts which retains interspousal immunity.

The traditional rule of choice of law in tort cases called for application of the law of the state in which the plaintiff was injured. This was a facile formula but it proved to be a blunt tool in the judicial process and frequently produced results that were not rationally supportable. Instead of guidance for judicial choice between laws whose purposes conflicted, the rule became a rigid dogma that rendered the purposes of the laws of the respective states irrelevant. *Griffith* v. *United Air Lines, Inc.*, 416 Pa. 1; *Babcock* v. *Jackson*, 12 N. Y. 2d 473.

That dogmatic approach to choice of law led this court in 1934 in *Gray* v. *Gray*, 87 N. H. 82, to deny to a New Hampshire wife the right to recover from her husband for personal injuries that he had negligently inflicted upon her in the State of Maine simply because Maine had adhered to the common-law rule forbidding a Maine wife to sue a Maine husband for such injuries. Counsel for the unsuccessful plaintiff in that case employed the reasoning of Cook, Lorenzen, Yntema and of Stumberg but the answer was that Beale and the authorities said no recovery. 440 Briefs and Cases 53-120 ( 1934 ). See e.g. Cook, The Logical and Legal Basis of the Conflict of Laws 311-346 ( 1942 ). In *Thompson* v. *Thompson*, 105 N. H. 86, the shackles of this dogma were broken. It was there recognized that, when the domicile of the injured spouse permitted her to sue her negligent husband, common sense and justice combined to dictate a departure from the state-of-injury rule. Whatever the purposes of the Massachusetts rule ( there the state of injury ) in affording interspousal immunity, they related to Massachusetts spouses.

Those purposes would not be impaired in any way by giving effect to the purposes of the contrary New Hampshire law in a suit between New Hampshire spouses. The seeming conflict between the two states' laws did not in fact exist. Properly analyzed, the conflict proved to be false. Traynor, Is This Conflict Really Necessary, 37 Tex. L. Rev. 657 ( 1959 ).

We recognize that the factors involved in the *Thompson* case were the reverse of those in the instant case. In *Thompson* the domicile of the spouses permitted the interspousal suit and the place of injury denied it, whereas here the domicile, Massachusetts, denies the wife's right to sue and the place of injury, New Hampshire, grants it. The *instant case presents a true conflict.* The purpose of the New Hampshire tort law to give financial protection to persons injured on New Hampshire highways is in conflict with the purpose of the Massachusetts law defining the legal relations of Massachusetts spouses, in particular by denying one spouse the right to sue the other for personal injuries.

In this true conflict, the court's task is to determine whether the purposes of the relevant and applicable New Hampshire laws would be so seriously impaired by denying the Massachusetts plaintiff the right to sue her husband here that we should refuse to recognize this incident of a Massachusetts marital relationship. Although we recognize that the question is not without difficulty, we are prepared to give effect to the law of the domicile in this case as well as in the situation presented in the *Thompson* case. *McSwain* v. *McSwain*, 420 Pa. 86, decided January 4, 1966.

On the issue before us, we believe that the Massachusetts law of marital immunity has the more "significant relationship with the occurrence and with the parties," to use the criterion employed in Restatement ( Second ), Conflict of Laws ( Tent. Draft No. 9 ) *ss.* 379 and 390g; Ehrenzweig, Conflicts in a Nutshell, 230-231 ( 1965 ). Recognition of the Massachusetts immunity will not render Massachusetts drivers less careful on our highways since their own and their wives' safety will still be jeopardized by carelessness on their part.

New Hampshire has not been deterred by the risk of the spouse's collusion against the husband's insurer from permitting interspousal personal injury actions, but we recognize that this consideration has been influential in many states to induce continued adherence to the common-law immunity rule. If the defendant garaged his car in Massachusetts, probably he had obtained

insurance there, and this insurance was doubtless written with the laws of Massachusetts primarily in view. The application of New Hampshire law would expose his insurer to a greater risk than it might reasonably have expected to run, given the Massachusetts local law and the trend toward the choice of the domicile's interspousal law in interstate cases. Restatement ( Second ), Conflict of Laws ( Tent. Draft No. 9 ) *s.* 390g; Ehrenzweig, Conflict of Laws 582-583 ( 1962 ). *McSwain* v. *McSwain,* 420 Pa. 86, decided January 4, 1966.

The contention has been made that the application of Massachusetts law might deny a New Hampshire third-party defendant a right to contribution against a negligent Massachusetts husband whose wife had been injured by them both. See *LaChance* v. *Service Trucking Co.,* 215 F. Supp. 162 ( D. Md. 1963 ). That case is not before us. Obviously it would introduce different considerations since the risk of collusion against the insurer is not present in an action for contribution. If such a case should arise in this state, we can then consider whether to permit the husband either to be impleaded in his wife's action against a third party or to be sued for contribution, even though we would deny a direct action by the wife against her husband.

The effect of our decision to deny the wife's right to sue in this case is to render the spouses' domicile the controlling contact for choice-of-law purposes, regardless of whether it grants or denies immunity. This makes for a simple rule, and, if the rule were generally adopted elsewhere, this important incident of the marital relationship would remain constant as the spouses journeyed from state to state. However, it may be noted that we are not now choosing the law of the domicile for its simplicity. We have chosen that law only after we have considered the purposes of the respective state laws here in conflict and have concluded that the interspousal law of Massachusetts has such a significant relationship to the issue in dispute as to overcome the preference we would ordinarily have for the application of New Hampshire law to determine the rights of persons negligently injured on New Hampshire highways. Guenther, Changing Choice of Law Rules in Intrafamily and Other Tort Actions: Comments on Thompson v. Thompson, 7 N. H. B. J. 19, 24 ( 1964 ); Leflar, Conflict of Laws in 1964 Annual Survey of American Law 69, 86-87.

We have read the recent, scholarly and well-structured treatise on conflict of laws. Cavers, The Choice-of-Law Process ( 1965 ).

34

While we cannot accuse the author of agreeing with the result reached .in this case, his discussion of principles of preference in `solving conflict problems makes the thoughtful think and exposes the pitfalls of the past. See page 9, n. 24, pages 177-180 and also pages 293-312 for an analysis of *Dym* v. *Gordon,* 16 N. Y. 2d 120 ( 1965 ).

*Defendant's exception sustained.*

All concurred.