440 P.2d 326

**Isabelle S. SCHWARTZ, Appellant,**

v.

**Morris SCHWARTZ, Appellee.**

**No. 1 CA–CIV 465.**

Court of Appeals of Arizona.

April 29, 1968.

Rehearing Denied May 28, 1968.

Review Granted July 2, 1968.

Harrison, Strick & Myers, by Mark I. Harrison, Phoenix, for appellant.

Gust, Rosenfeld & Divelbess, by Richard A. Segal, Phoenix, for appellee.

CAMERON, Chief Judge.

This is an appeal by the plaintiff from an order of the court granting a motion to dismiss pursuant to Rule 12, Rules of Civil Procedure, 16 A.R.S., which was treated by the court as a motion for summary judgment pursuant to Rule 56, Rules of Civil Procedure, 16 A.R.S.

We are called upon to determine:

1. Does the common law rule prohibiting interspousal tort actions obtain in the State of Arizona?

2. If so, can the Arizona court apply the law of the matrimonial domicile which allows interspousal tort actions rather than the lex loci delecti which does not allow this action?

The matter was submitted on an agreed statement of facts and a stipulated designation of record on appeal pursuant to Rules 75(f) and 76, Rules of Civil Procedure, 16 A.R.S. The facts are substantially as fol-

lows. Plaintiff, Isabelle Schwartz, is the wife of the defendant Morris Schwartz. Plaintiff and defendant have been married for many years and have lived in the State of New York continuously since the inception of their marriage. In the winter of 1964 the Schwartzes came to Arizona for a brief vacation. Upon their arrival in Arizona they rented a car, and on 5 December 1964 the defendant-husband was driving the rented automobile in Phoenix, Arizona, and the plaintiff-wife was his only passenger. The parties were involved in an automobile accident in which the defendant Jurgen Blank, a minor, was the driver of the other automobile. Plaintiff-wife was injured, and instituted a suit in the Superior Court of the State of Arizona in and for the County of Maricopa against the defendant-husband, defendant Jurgen Blank, a minor, and his parents, alleging that the defendant-husband and the Blanks were jointly and severally liable for the injuries and damages sustained in the accident. Defendant-husband filed a motion to dismiss which was granted, and the plaintiff brings this appeal.

## INTERSPOUSAL TORT IMMUNITY

■ § 1–201 A.R.S. reads as follows: "The common law only so far as it is consistent with and adapted to the natural and physical conditions of this state and the necessities of the people thereof, and not repugnant to or inconsistent with the constitution of the United States or the constitution or laws of this state, or established customs of the people of this state, is adopted and shall be the rule of decision in all courts of this state."

And our Court has stated that statutes are not deemed to repeal the common law unless legislative intent to do so is clearly manifested. Tucson Gas and Electric v. Schantz, 5 Ariz.App. 511, 428 P.2d 686 (1967). We have found nothing in the statute or case law of Arizona which repeals the common law as regards the right of one spouse to sue another in tort, and it

is clear that at common law there was no right for one spouse to sue another in tort.

■ However, appellant contends that the married woman's act, part of which reads as follows:

"A. Married women of the age of twenty-one years and upwards have the same legal rights and are subject to the same legal liabilities as men of the age of twenty-one years and upwards except the right to make contracts binding upon the common property of the husband and wife." § 25–214 A.R.S.;

together with:

"Married woman as a party; actions for necessaries. When a married woman is a party her husband shall be joined with her except when the action concerns her separate property, or is between herself and her husband, in which she may sue or be sued alone. If a husband and wife are sued together, the wife may defend in her own right. The husband and wife shall be sued jointly for all debts contracted by the wife for necessaries furnished herself or children." Rule 17(e), Rules of Civil Procedure, 16 A.R.S.;

has done away with the prohibition of interspousal suits, and that the wife is fully competent to sue her husband in tort. With this we do not agree.

It is generally agreed that at common law the husband and wife were one (and the husband *the* one) and a spouse could not maintain a tort action against the other. Annotation, 43 A.L.R.2d 632. Some states either by statute or by court decision, particularly in interpretation of the applicable married women's acts, have rejected the common law rule against interspousal tort action, but the majority view and we feel the better reasoned view is that the married women's acts such as we have in Arizona have not altered the common law in this regard. Annotation, 43 A.L.R.2d 651. We therefore hold that the law in Arizona at this time follows the common law in this regard, and a person may not sue his or her spouse in tort in the State of Arizona.

## WHICH LAW APPLIES?

█ Appellant contends that even though the State of Arizona has not rejected the common law rule concerning interspousal tort liability, under the "grouping of contacts", "center of gravity", or "most significant relationship" theories the law of the State of New York concerning interspousal tort liability would apply. It is conceded for the purpose of this discussion that had this accident occurred in New York State the plaintiff-wife would have been able to maintain, in the New York courts, a suit against the husband for the alleged tort.

One of the leading cases in this field is the case of Thompson v. Thompson, 105 N.H. 86, 193 A.2d 439, 96 A.L.R.2d 969 (1963). In Thompson v. Thompson, supra, a wife was injured while riding in Massachusetts as a passenger in a motor vehicle driven by her husband. The law in Massachusetts permits recovery by a passenger for injuries resulting from gross negligence of the driver, but does not permit an action in favor of a husband or wife for tort committed there by the other during marriage. The law of New Hampshire allows this type of action. The husband and wife were domiciled in and residents of New Hampshire at the time the suit was brought in New Hampshire. The court stated:

"Accordingly we hold that the question of whether the defendant is immune from liability to his wife is governed by the law of New Hampshire where both are domiciled, and that under that law such immunity does not exist." 105 N. H. 86, 193 A.2d 439, 441, 96 A.L.R.2d 969, 973 (1963).

The Thompson case, supra, followed by two and one-half months the often cited New York case of Babcock v. Jackson, 12 N.Y.2d 473, 240 N.Y.S.2d 743, 191 N.E.2d 279, 95 A.L.R.2d 1 (1963). In Babcock v. Jackson, supra, the parties were on a week-end trip to Canada although both parties were domiciled in and residents of New York. The Province of Ontario,

Canada, in which the accident occurred does not have a guest statute. However, the passenger brought a suit in New York State, after they returned, for the negligent conduct of the driver. In that case the New York court stated:

"The traditional choice of law rule, embodied in the original Restatement of Conflict of Laws (§ 384), and until recently unquestionably followed in this court (citations omitted) has been that the substantive rights and liabilities arising out of tortious occurrence are determinable by the law of the place of the tort. (citations omitted) It had its conceptual foundation in the vested rights doctrine, namely, that a right to recover for a foreign tort owes its creation to the law of the jurisdiction where the injury occurred and depends for its existence and extent solely upon such law.

\* \* \* \* \* \*

"The 'center of gravity' or 'grouping of contacts' doctrine adopted by this court in conflicts cases involving contracts impresses us as likewise affording the appropriate approach for accommodating the competing interests in tort cases with multi-State contacts. Justice, fairness and 'the best practical result' (citations omitted) may best be achieved by giving controlling effects to the law of the jurisdiction which, because of its relationship or contact with the occurrence or the parties, has the greatest concern with the specific issue raised in the litigation. The merit of such a rule is that 'it gives to the place "having the most interest in the problem" paramount control over the legal issues arising out of a particular factual context' and thereby allows the forum to apply 'the policy of jurisdiction "most intimately concerned with the outcome of [the] particular litigation" '." Babcock v. Jackson, supra, 240 N.Y.S.2d at 746, 191 N.E.2d at 281, 283.

It should be noted that in these two cases the domicile and the forum were the same and only the place of the tort was different. The New York court, however, has not gone as far as appellant would like.

In a later case wherein two students, both residents of the State of New York, met by chance in the State of Colorado, which has a guest statute, and an accident occurred, the court of New York stated:

"In deciding what law to apply I of course recognize that we no longer mechanically turn to the common-rule of lex loco delectus in tort cases. The place of impact rule was a reasonable one at a time when travelers were few and when most persons had more contacts with the jurisdiction in which they found themselves than mere physical presence. Our courts now have adopted a rule of choice of law in conflict situation which looks to reason and justice in the selection of which law should apply and which fits the needs of today's world where long and frequent travel is no longer reserved to a few." Dym v. Gordon, 16 N.Y.2d 120, 262 N.Y.S.2d 463, 465, 209 N.E.2d 792, 794 (1965).

The court then went on to examine the various "contacts" in the particular case and made the statement:

"Here, necessarily, the only valid competing consideration bearing on the host-guest relationship is that of domicile. However appealing it might seem to give effect to our own public policy on this issue, merely because the negligent driver of the car in the collision, and his guest, are domiciled here, to do so would be to totally neglect the interests of the jurisdiction where the accident occurred, where the relationship arose and where the parties were dwelling, and to give an overriding significance to a single factor reminiscent of the days when British citizens traveled to the four corners of the world secure in the belief that their conduct would be governed solely by the law of England." Dym v. Gordon, supra, 262 N.Y.S.2d at 468, 209 N.E.2d at 796.

Appellant cites the federal case of Roscoe v. Roscoe, 126 U.S.App.D.C. 317, 379 F.2d 94 (1967), D.C.Circuit, wherein a husband and wife, who had been domiciled since 1961 in the District of Columbia, sustained an accident while motoring in North Carolina. The District of Columbia held that the wife had gained the right of action against the husband under North Carolina law and therefore could bring suit against her husband even though the District of Columbia had the doctrine of interspousal immunity. The District Court applied the North Carolina law which does not have interspousal immunity.

We have, however, been unable to find any such cases, as the one herein, where the court of the state in which the tort was committed applied the law of the domicile of the parties before the court. Under almost any theory including the "grouping of contacts theory", "the most significant contacts", or the "center of gravity", the State of Arizona would have the most contacts, the most significant contacts, and be the "center of gravity" and not the State of New York. The State of Arizona is the place of the accident; it is the forum in which the plaintiff chose to bring the action; and we do not believe that under these circumstances the Arizona courts should adopt the law of the domicile of the parties and allow suit to be maintained in this State. To do so would cause an anomalous situation wherein Arizona residents could not sue their spouses here, but non-residents could, if under the law of their domicile such recovery were permitted. It would not seem fair to elevate a non-resident to a more favorable position than a resident of this state.

■ Appellants bring one other matter to this Court. They complain that in the answering brief the appellee has incorrectly injected the question of insurance while the stipulation of facts upon which this action is appealed is silent as to any insurance. The question of insurance is certainly outside the record. However, for the Court to assume a lack of some sort of insurance policy in force would not under the facts of this case be logical, and we do not believe the mention of insurance is prejudicial.

Judgment affirmed.

DONOFRIO, J., and FRANK X. GORDON, Jr., Judge of the Superior Court, concur.

NOTE: Judge HENRY S. STEVENS having requested that he be relieved from consideration of this matter Judge FRANK X. GORDON, Jr., was called to sit in his stead and participate in the determination of this decision.