110 N.H. 70 (1969)
DORIS McCARTHY SCHNEIDER
v.
WILLIAM C. SCHNEIDER.
No. 5898.
Supreme Court of New Hampshire.
December 30, 1969.
Robert D. Marshall (by brief and orally), for the plaintiff.
Devine, Millimet, McDonough, Stahl & Branch and Robert A. Backus (Mr. Backus orally), for the defendant.
LAMPRON, J.
The plaintiff is the wife of the defendant. Both are and at all relevant times have been domicled in Massachusetts. The accident giving rise to the action at law for personal injuries occurred in New Hampshire on December 12, 1965 before the parties were married in Massachusetts on June 25, 1966. Suit was commenced in this state by writ dated December 28, 1967. The question of law raised by the defendant's motion to dismiss based on the Massachusetts law of interspousal immunity was transferred without ruling by Leahy, C. J. It is the plaintiff's contention that the law of this state which permits interspousal actions should govern. We do not agree.
It is the established law of New Hampshire that a wife may recover damage in a tort action against her husband. Morin v. Letourneau, 102 N. H. 309, 156 A. 2d 131; RSA 460:2. Under Massachusetts law such actions are not permitted. (Callow v. Thomas, 322 Mass. 550). There is a conflict between the law of the forum and place of injury and the law of common *71 domicile and residence of the parties. Johnson v. Johnson, 107 N. H. 30, 31, 216 A. 2d 781.
This court has decided that choice of law decisions in such cases ought to be based on relevant choice-influencing considerations. Clark v. Clark, 107 N. H. 351, 353, 222 A. 2d 205. These factors have been discussed at some length in the above case and summarized in Doiron v. Doiron, 109 N. H. 1, 3, 241 A. 2d 372. Some of these considerations will be more relevant to some types of cases and less to others. Generally the law of the State which has the more substantial connection with the total facts and with the particular issue being litigated will govern. Clark v. Clark, supra, 354; Goodrich-Scoles, Conflict of Laws, s. 92, p. 166 (1964).
In Thompson v. Thompson, 105 N. H. 86, 193 A. 2d 439, this court adopted the view that a significant consideration in determining disabilities to sue and immunities from suit is the domicile of the parties. It was held there that the interspousal immunity which prevailed in Massachusetts, where the accident took place, was not of sufficient significance to militate against the application by the forum of the law of the State of domicile of the parties, New Hampshire, which permitted a wife to sue her husband in its courts.
This court held in Clark v. Clark, 107 N. H. 351, 222 A. 2d 205, that the fact that the parties involved were domiciled in New Hampshire, maintained their car under our laws, and were on a short automobile trip which began and ended here, were factors of such significance as to require that our law of negligence instead of the Vermont gross negligence law govern their status as host-guest.
On the other hand, we held in Johnson v. Johnson, 107 N. H. 30, 216 A. 2d 781, that the purpose of our law to give financial protection to persons injured in New Hampshire, by permitting legal actions to be pursued here, even by a wife against her husband, would not be seriously impaired by denying this right to a wife domiciled in Massachusetts thus recognizing this incident of the marital relationship in the state of domicile as the more dominant factor, for choice-of-law purposes in such a situation.
Contrarily in the case of Doiron v. Doiron, 109 N. H. 1, 241 A. 2d 372, the parties were domiciled in New Hampshire at the time of the accident. The wife then acquired a cause of action *72 enforceable in the courts of our State. On analysis we concluded that the enforcement of our long-standing policy of allowing a right of action to arise and be brought between New Hampshire spouses as a result of negligent conduct one toward the other was the most dominant choice-of-law consideration overriding any consideration in favor of applying the interspousal immunity law of the state in which they were domiciled after the injury and when the action was commenced.
We hold that the present case presents analogous considerations to and is governed by the Johnson case, supra. The main distinguishing factor is that the parties in the case at bar were not married at the time of the accident. However, the reasons which support the interspousal immunity doctrine of Massachusetts, the state of their domicile, were just as significant at the time suit was brought in this case as they were in the Johnson case. Their nonmarriage at the time of the accident was not a sufficient countervailing consideration to apply the law of New Hampshire and permit the action to be commenced and maintained after they became husband and wife. Hence the defendant's motion to dismiss should be granted.
Judgment for defendant.
GRIMES, J., concurred in the result; the others concurred.