Strafford,
No. 5956.

Leona M. Gagne *v.* Ashman L. Berry, Sr.

Napoleon Paul Gagne *v.* Same.

Ashman L. Berry, Jr. *v.* Same.

April 28, 1972.

*Flynn, Powell & McGuirk, J. Christopher McGuirk* and *Raymond P. Blanchard* (*Mr. Blanchard* orally) for plaintiffs.

*Calderwood, Silverman & Ouellette* and *William B. Cullimore* (*Mr. Cullimore* orally) for the defendant.

PER CURIAM. The sole issue to be determined is whether the rights of guests in automobiles are to be decided by the law of Massachusetts under which a host is liable only if the injuries are caused by gross negligence or by the law of New Hampshire under which a guest may recover if the injuries are caused by the host's lack of ordinary care under the circumstances. The issue presents a true conflict. *Taylor v. Bullock*, 111 N.H. 214, 279 A.2d 585 (1971).

On March 11, 1968, the defendant Ashman L. Berry, Sr., of Northboro, Massachusetts, was the operator of an automobile which was in collision in Rochester, New Hampshire, with a car operated by Lucille A. Seaman of East Rochester. Plaintiffs Ashman L. Berry, Jr., Leona M. Gagne and Napoleon Paul Gagne, all of Massachusetts, were passengers in the Berry automobile as was his wife Dorothy who is not a party to this appeal. The accident happened during the course of a trip from Massachusetts to Maine where the parties planned to attend the funeral of a friend after which they intended to return home. Defendant filed a motion that the rights of the plaintiffs against their host be determined by the laws of Massachusetts. The Trial Court (*Leahy, C.J.*) granted the motion in regard to the case of Ashman L. Berry, Jr., subject to his exception, and denied the motion with regard to the cases of the Gagnes subject to defendant's exception. The exceptions of the parties were reserved and transferred to this court.

Ashman is the emancipated son of the defendant. He was 30 years of age and lived in Marlboro, Massachusetts. Under Massachusetts law his rights against his father are of the same nature as those of the Gagnes, the other gratuitous guests. *Luster* v. *Luster*, 299 Mass. 480, 13 N.E.2d 438 (1938); 59 Am. Jur. 2d Parent and Child *s.* 157 (1971). This presents no conflict. *Dunlap* v. *Dunlap*, 84 N.H. 352, 150 A. 905 (1930).

This court has concluded that choice-of-law decisions such as the present one ought to be based directly upon five relevant considerations. *Clark* v. *Clark*, 107 N.H. 351, 353-55, 222 A.2d 205, 208 (1966). They are "predictability of results; (2) maintenance of reasonable orderliness and good relationship among the states in our federal system; (3) simplification of the judicial task; (4) advancement by the court of its own

state's governmental interests rather than those of other states; (5) the Court's preference for what it regards as the sounder rule of law, as between the competing ones." *Doiron* v. *Doiron*, 109 N.H. 1, 3, 241 A.2d 372, 373 (1968).

The issue in *Clark* v. *Clark, supra*, was whether the guest statute of Vermont or the ordinary negligence law of this State should determine the rights of the parties, residents of New Hampshire on a trip for the evening which took them to Vermont where the accident happened. This court decided after analysis that the New Hampshire rule was the sounder rule and that its application in the case would be consonant with the relevant considerations which should influence the choice-of-law.

Defendant points out in his brief that like the *Clark* case the present parties are residents of Massachusetts on a journey which carried them briefly in this State, in both cases the parties resided outside of the State where the accident happened and that the host-guest relationship was created in the State of their residence where they were to return. "In short, the fact patterns in *Clark* v. *Clark, supra*, and in the present case are identical. In the *Clark* case this court refused to apply the lex loci delicti. To be consistent the Court should similarly refuse to apply the law of the place of the accident in this case."

The method of arriving at a choice-of-law adopted by this court in *Clark* involves an analysis and evaluation of the aforementioned considerations which is to be made by the forum State. The significance of the factual and legal considerations present which motivated the result reached in that case can differ in the case which is now under consideration. It is to be noted that in this case the forum and the place of conduct and of the injury coincide, which was not so in *Clark*. Consequently when a set of facts leads to the application of the guest law of the residence of the parties (Clark) it does not necessarily follow that the reverse facts will lead to the same result. *Conklin* v. *Horner*, 38 Wis. 2d 468, 479, 157 N.W.2d 579, 584 (1968).

This court has stated on prior occasions that the State of New Hampshire has an obvious interest in providing redress for injuries which occur on our highways. *Johnson* v. *Johnson*,

107 N.H. 30, 32, 216 A.2d 781, 783 (1966); *Dow* v. *Larrabee*, 107 N.H. 70, 72, 217 A.2d 506, 508 (1966); *see Purcell* v. *Kapelski*, 444 F.2d 380, 383 (3rd Cir. 1971). This is especially true when, as in this case, the collision which gave rise to these actions was with an automobile operated by a resident of this State. Our legislature has evidenced this same concern when it enacted RSA ch. 268 requiring motor vehicle insurance and financial responsibility for motor vehicles registered in New Hampshire. *Farm Bureau & c. Ins. Co.* v. *Garland*, 100 N.H. 351, 126 A.2d 246 (1956). It manifested a reemphasized and broadened interest in this direction by Laws 1957, 305:8 (now RSA 268:15) which provides that motor vehicle liability policies cover for accidents with uninsured motor vehicles.

This State also has a legitimate interest in regulating the conduct of motorists within its territory. *Heath* v. *Zellmer*, 35 Wis. 2d 578, 601, 151 N.W.2d 664, 674-75 (1967). It is generally agreed that when a conflict of laws exists, the laws of the State where the conduct and injury occur will be applied to determine whether the actor's conduct has satisfied the required standards of behavior. *Thompson* v. *Thompson*, 105 N.H. 86, 89, 193 A.2d 439, 441 (1963); Restatement (Second) of Conflict of Laws *ss.* 156, 157 (1971). Adoption of the Massachusetts law in this case would defeat the deterrent effect of our negligence laws by allowing negligent conduct to go undeterred. *Heath* v. *Zellmer*, 35 Wis. 2d at 591, 151 N.W.2d at 669-70.

We are of the opinion that the standard of care to be invoked in the case of a host-guest situation involves considerations closely allied to those which govern the question of what law shall regulate the operator of a motor vehicle on our highways. *See* Leflar, 41 N.Y.U.L. Rev. 267, 293-94 (1966); 71 Col. L. Rev. 548, 561 (1971). This relationship differs materially from the issue of whether a wife can sue a husband for a tort which we have held to be governed by the law of the State of the latter relationship, the State of domicile. *Johnson* v. *Johnson*, 107 N.H. 30, 216 A.2d 781 (1966); *Schneider* v. *Schneider*, 110 N.H. 70, 260 A.2d 97 (1969).

This court has expressed previously a not too favorable

evaluation of guest statutes: "Though still on the books, they contradict the spirit of the times." *Clark* v. *Clark*, 107 N.H. 351, 357, 222 A.2d 205, 210 (1966). We realize that the Massachusetts host-guest law is of judicial origin. Expressed in simple terms it is based on the following principle: "[W]hen A enters upon a gratuitous undertaking for the benefit of B, the duty of care which A owes to B is only the duty to refrain from gross negligence." *Bagley* v. *Burkholder*, 337 Mass. 246, 248, 149 N.E.2d 143, 145 (1958); *Massaletti* v. *Fitzroy*, 228 Mass. 487, 118 N.E. 168 (1917). It gives no evidence of having been inspired by considerations of promoting safety on the highways and the principle is not limited to the operation of motor vehicles. *Beaulieu* v. *Lincoln Rides, Inc.*, 328 Mass. 427, 104 N.E.2d 417 (1951).

Furthermore it has been said that the Massachusetts courts have resorted to "miniscule nuances of benefits involved" to escape its application. *Beaulieu* v. *Beaulieu*, 265 A.2d 610, 614 (Me. 1970). This has been accomplished by excluding from its application cases where benefits or hope of benefits other than social intercourse have been found to exist between host and guest. *Taylor* v. *Goldstein*, 329 Mass. 161, 107 N.E.2d 14 (1952); *Posner* v. *Minsky*, 353 Mass. 656, 234 N.E.2d 287 (1968). The doctrine has inspired the following comment from a member of its bar: "[t]he good sense of the gross negligence rule . . . persuades many attorneys, but only up to the point where the rule is contemplated in an automobile case." 51 Mass. L.Q. 387, 396 (1966).

It is also interesting to note that if the present action had been instituted in Massachusetts its courts would have applied the New Hampshire common-law rule of negligence to the conduct of the host driver vis-a-vis his guests. *Medeiros* v. *Perry*, 332 Mass. 158, 124 N.E.2d 240 (1955); *Goodale* v. *Morrison*, 343 Mass. 607, 180 N.E.2d 67 (1962). It is reasonable to conclude therefore that Massachusetts does not have a strong interest in having its host-guest law applied to accidents in which its residents are involved outside of its borders. 57 Cornell L. Rev. 315, 316 (1972). Finally, although not determinative of this case, a strong argument that the law applied in this State to guests in automobiles is the better and sounder law is the fact that by virtue of Mass. Laws

1971, ch. 865 (amending Mass. Gen. Laws Ann. ch. 231, *s.* 85), the Massachusetts Legislature has abolished the host-guest gross negligence rule in favor of the rule of ordinary negligence. *See Haines* v. *Mid-Century Ins. Co.*, 47 Wis. 2d 442, 451, 177 N.W.2d 328, 333 (1970); Smith, Duty Owed to Guest Occupants in Motor Vehicles, 57 Mass. L.Q. 59-62 (1972).

We conclude therefore that our law of ordinary negligence by which the conduct of a host is to be governed with regard to his guests is the sounder or better law. Its application to this case would advance a strong governmental interest of this State in requiring motorists to refrain from negligent, and more so, grossly negligent conduct and to insure that innocent persons injured on our highways are compensated. The judicial task would be simplified in actions concerning Massachusetts guests and New Hampshire residents tried in our courts as a result of accidents in this State. The maintenance of reasonable and good relationship among the States would not be impaired in view of the policy of Massachusetts courts to apply the law of the State of the conduct and injury in suits brought by its residents and especially in view of the recent action of its legislature. Finally as we have said previously the consideration of predictability of results does not have much to do with automobile accidents, which are not planned. *Clark* v. *Clark*, 107 N.H. 351, 353-55, 222 A.2d 205, 208-09 (1966).

We hold that the actions of Ashman L. Berry, Jr., as well as those of Leona M. Gagne and Napoleon Paul Gagne are to be governed by our law of ordinary negligence in their relationship as host-guests in determining the liability of the defendant for their injuries. *Conklin* v. *Horner*, 38 Wis. 2d 468, 157 N.W.2d 579 (1968); *Haines* v. *Mid-Century Ins. Co.*, 47 Wis. 2d 442, 177 N.W.2d 328 (1970); *see Cipolla* v. *Shaposka*, 439 Pa. 563, 577-78, 267 A.2d 854, 862 (1970) (dissenting opinion); *Barrett* v. *Foster Grant Co., Inc.*, 450 F.2d 1146, 1151 (1st Cir. 1971); *Tooker* v. *Lopez*, 24 N.Y.2d 569, 249 N.E.2d 394, 301 N.Y.S.2d 519 (1969); 71 Col. L. Rev. 548, 561 (1971); 57 Cornell L. Rev. 315, 316 (1972).

*Plaintiff Berry's exception sustained.*
*Defendant's exceptions overruled.*