## BRYANT v. PHOENIX BRIDGE CO.

District Court, D. Maine, S. D.

Feb. 6, 1942.

Donald W. Webber, of Auburn, Me., and John J. Connor, of Lewiston, Me., for plaintiff.

Wm. B. Mahoney, of Portland, Me., for defendant.

PETERS, District Judge.

After this action was begun other parties came in as plaintiffs, but their presence did not affect the issues tried.

The action was brought by the plaintiff, Bryant, to recover damages for personal injuries caused him by the alleged negligence of one Rodney Charles, described as an employee of the defendant Bridge Company. The case was submitted to a jury in two parts, (1) on the question of liability of the defendant, and, that having been found in favor of the plaintiff, (2) the amount of damages, on which question the jury brought in a verdict of $14,524.98.

At the close of all the evidence the defendant moved for a directed verdict, which was not granted, the case being submitted to the jury subject to a later determination of the legal questions raised by the motion.

Rule 50(b), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

A motion for a new trial was seasonably made by the defendant, on the ground that the verdict was against the law and the evidence and that the damages were excessive.

The motions will be considered together.

1. Evidence of Negligence. It is urged in support of both motions that the evidence was not sufficient to support a finding of negligence. The two men, Bryant and Charles, were working together in a tower of the Kittery bridge, Charles above Bryant who was using an electric arc in a space not much larger than his body. Charles had pulled up out of the way of Bryant and had possession of an unlighted acetylene torch which Bryant did not see or have any knowledge of again, until, in a few minutes, it arrived back of his neck with valves partly open, emitting gas which instantly caught fire, filling the chamber with flames which commenced to burn the plaintiff's clothing and his body. In immediate danger of burning to death in that position the plaintiff dropped into the shaft, slipping and falling some 120 feet and being severely injured.

■ Although Charles had exclusive control of the torch that caused the disaster and no one else was present, except Bryant, Charles gave no adequate explanation of its arrival partly open at Bryant's back after Charles had pulled it up. The jury had the whole picture and could reasonably find from the circumstances and from Charles' lack of explanation that Charles' negligent handling of the torch under his control was the cause of the accident.

■ 2. Damages. I do not feel justified in substituting my judgment for that of the jury on the question of damages. Certainly the amount of the verdict was not so large as to give any cause for the belief that the jury was animated by passion or prejudice or any improper attitude of mind.

The plaintiff had already been put to expense of more than $1700.00 on account of his injuries, with the possibility of more expense to come. He had lost more than $3500.00 in wages, with evidence from which the jury could find that he would lose still more.

Approximately $9,000.00 of the verdict must have been for physical and mental suffering, both past and future, further loss of earnings and possible further expense. Surely the amount was not out of reason. It represented the deliberate judgment of the jury and I consider that it would be wrong for me to disturb it.

3. The Fellow-Servant Question. The defendant, in its motion for a directed verdict, sets out the following reason which it relies upon:

"The plaintiff and Rodney Charles were fellow servants, on whichever view of the testimony is accepted—that is, if the testimony on behalf of the plaintiff, that Bryant was furnished by Lewiston Welding Company to Phoenix Bridge Company, or the testimony on behalf of the defendant that Charles was furnished by the Phoenix Bridge Company to the Lewiston Welding Company, the said Charles and the plaintiff were fellow servants, and if negligence on the part of Charles, as alleged in the declaration of facts be proved, then the plaintiff has no right of action against Phoenix Bridge Company."

That was the substance of a requested instruction asked for by defendant's counsel at the close of the charge to the jury and refused on the ground that the question then raised had been excluded from the issues before the jury by the pre-trial conference order and by the previous attitude of the defendant.

I must adhere to that position for the following reasons:

■ The declaration alleged that the plaintiff, Bryant, employee of one Ezra Randall, (doing business as Lewiston Welding Co.) a sub-contractor on the bridge, was working for Randall on the tower, and at the same time and place Rodney Charles was working for the defendant Bridge Company, the general contractor, when Charles carelessly caused the acetylene torch to drop on Bryant. The defendant was sued for the alleged negligence of its servant. Obviously the Maine Industrial Accident Law did not apply to that situation, because on that statement the plaintiff and Charles were not fellow-servants.

The defendant, in its answer, admits that at the time of the accident the plaintiff, Bryant, was employed by Ezra Randall, a sub-contractor on the bridge, and alleges that Charles, while in the general employment of the Bridge Company, was loaned to Randall, the welder, and became his special employee, and being such at the time of the accident would make plaintiff and Charles fellow-servants and prevent a recovery by the plaintiff, as the Maine Industrial Accident Law gives a remedy instead of a suit in such a case.

164

This was set forth in the answer repeatedly and with much detail. It being admitted that Bryant, the plaintiff, was in the employment of Randall, the sole defense (other than the question as to the negligence of Charles and the contributory negligence of Bryant), was that Charles had become the fellow-servant of Bryant by becoming a special employee of Randall.

At a pre-trial conference the issues in the case were discussed and set forth in a pre-trial order which under the Rule controlled the case unless later altered, as it was not. In the order one issue was stated to be "Whether at the time of the alleged negligence he (Charles) was in the special employment of Lewiston Welding Company" (Randall). The order goes on to say:

"If it is found as a fact that the said Rodney Charles was in the special employment of the Lewiston Welding Company, then it is agreed that the defendant, Phoenix Bridge Company, is not liable in this action.

"If it is determined that said Charles was in the employment of the defendant Phoenix Bridge Company, then the issue will be the ordinary issues of negligence in such a case."

The trial proceeded on that basis, with the issues (1) whether Charles was in the special employment of Randall, as claimed by the defendant, and (2) if not, did Charles' negligence cause the injuries to Bryant without contributory negligence on his part.

■ At the close of the trial defendant's counsel proposed that the Court charge the jury in substance that if the jury did not believe the defendant's evidence to the effect that Charles was in the special employment of Randall, and should also find that Bryant was in the special employment of the Bridge Company, the plaintiff, Bryant, could not recover because he and Charles would then be fellow-servants in the employ of the Bridge Company. If such a ruling had been made it would have nullified the effect of the pre-trial order, been inconsistent with the pleadings and with the issues of the case tried.

I do not understand that even now the defendant claims that its contention and argument at the trial that Charles was in the special employment of Randall was not well founded or supported by the evidence, or was not the fact. It says that if the jury should not believe it and should also find that Bryant, although admitted to be in the employment of Randall without qualification, should be found to be in the special employment of the Bridge Company, the jury should have found for defendant.

■ The basis for the suggestion that Bryant may have been in the employment of the Bridge Company is found in the testimony of one or more superintendents who spoke of "loaning" men. That word, commonly used in the trial by witnesses, was evidently used by them without thought of any technical meaning or implication. On such evidence alone the jury would not be justified in drawing the highly technical conclusion that a general employment had been changed into a special one.

The situation under which a man in the general employment of one person may be also in the special employment of another, as a matter of law, was explained to the jury as carefully as possible; the issues were apparently understood; the trial was in accord with the pleadings and the pre-trial order and the verdict supported by the evidence. I feel that it is necessary to deny both the motion for a directed verdict and the motion for a new trial.