Hillsborough,
No. 5639.

ALICE O. DOIRON

*v.*

JOSEPH A. DOIRON.

Argued November 7, 1967.
Decided April 30, 1968.

*King, Nixon, Christy & Tessier ( Mr. Thomas J. Tessier* orally ), for the plaintiff.

*Devine, Millimet, McDonough, Stahl & Branch* and *Robert A. Backus* ( *Mr. Backus·* orally ), for the defendant.

LAMPRON, J. This is an action brought by a wife against her husband to recover for personal injuries sustained in a fall, on May 8, 1964, on premises in Reed's Ferry, as a result of her husband's negligence. Defendant filed a motion to dismiss on the ground that the parties were residents of and domiciled in Massachusetts when this action was commenced on October 26, 1965, and that the law of that state, which should determine the issue, prohibits such a cause of action by a wife against her husband.

The parties have agreed, for the purposes of this motion, that "at the time of the accident the plaintiff wife and defendant husband, were living and domiciled in New Hampshire" and that "at the time suit was instituted and presently the plaintiff and defendant are domiciled and residing in Massachusetts." The Trial Court ( *Loughlin*, J. ) transferred without ruling the issue of law raised by the motion.

In New Hampshire, it is well settled law that a wife may maintain an action for tort against her husband for acts of negligence committed during coverture. *Morin* v. *Letourneau*, 102 N. H. 309, 310; RSA 460:2. Under Massachusetts law, however, no such action is permitted. *Callow* v. *Thomas*, 322 Mass. 550; Mass. Gen. Laws Anno. Ch. 209, *s.* 6. This court held in *Thompson* v. *Thompson*, 105 N. H. 86, that when spouses are domiciled in New Hampshire, the wife can maintain an action in this state against her husband for a tort which occurred in Massachusetts. It was later decided in *Johnson* v. *Johnson*, 107 N. H. 30, that when the spouses are domiciled in Massachusetts, the wife cannot maintain an action in New Hampshire against her husband for a tort inflicted on her by him in this state.

The issue before us involves the right of a wife to recover, for a tort committed in New Hampshire by her husband while they were both domiciled here, in an action commenced in this state when both are then domiciled in Massachusetts. This question has never been decided in this jurisdiction nor has any such decision elsewhere come to our attention.

This court has decided that choice-of-law decisions, such as the one with which we are concerned in this case, ought to be based on relevant choice-influencing considerations. *Clark* v.

*Clark,* 107 N. H. 351, 353. These considerations are ( 1 ) predictability of results; ( 2 ) maintenance of reasonable orderliness and good relationship among the States in our federal system; ( 3 ) simplification of the judicial task; ( 4 ) advancement by the court of its own state's governmental interests rather than those of other states; ( 5 ) the Court's preference for what it regards as the sounder rule of law, as between the two competing ones. *Clark* v. *Clark, supra,* 354, 355. "Obviously, some of them will be more relevant to some type of cases, less to other types." *Id.,* 353, 354.

In a case involving a suit by a wife against her husband for a tort committed by him, the domicile of the parties is of great importance. Restatement ( Second ), Conflict of Laws, *s.* 390 g, *comment* a ( Tent. Draft No. 9, 1964 ). As in all torts, however, the state where the conduct and injury occurred is also of considerable importance. *Id., s.* 379 a, *comment* e. In determining the relative importance of these and other relevant contacts, "the forum will consider the issues, the character of the tort, and the relevant purposes of the tort rules of the interested states." *Id., s.* 379 ( 3 ).

On May 8, 1964, the day of this accident, the plaintiff and the defendant were domiciled and living as husband and wife in New Hampshire. The husband's negligent conduct took place in this state. The resulting injuries to the wife were incurred here. A cause of action in her favor was thereby created by the laws of New Hampshire. *Morin* v. *Letourneau,* 102 N. H. 309, 310. The wife's right of action being transitory, it followed her in whatever state she moved to. *Roscoe* v. *Roscoe,* 379 F. 2d 94, 99 ( D.C. Cir. 1967 ). Consequently she could enforce this right by suit in any state where jurisdiction could be obtained over the husband unless the particular state had a prohibition against the institution of such an action, as does Massachusetts. See *Parson &c. Lumber Co.* v. *Southwick,* 101 N. H. 258, 259.

Turning to the prohibition of suits between husband and wife under the laws of Massachusetts, the "more fundamental reason" for such prohibition, that is, "because of the marital relationship no cause of action ever came into existence" ( *Callow* v. *Thomas,* 322 Mass. 550, 552 ) is not present under the facts of this case. *Morin* v. *Letourneau,* 102 N. H. 309, 313. This leaves "the disability of one spouse to sue the other during coverture" as the only basis to bar the wife from bringing her action in Massachusetts. *Callow* v. *Thomas, supra; Lubowitz* v. *Taines,* 293 Mass.

39; Mass. Gen. Laws Anno. Ch. 209 *s.* 6. See *Giles* v. *Giles,* 279 Mass. 284, 293 Mass. 495.

The reasons usually advanced in support of the latter doctrine are the preservation of domestic harmony and the avoidance of collusive suits. *Thompson* v. *Thompson,* 105 N. H. 86, 88; Prosser, Law of Torts ( 3d *ed.* ) *s.* 116, *p.* 883. However, New Hampshire has permitted interspousal suits for over a century. *Seaver* v. *Adams,* 66 N. H. 142, 143; *Gilman* v. *Gilman,* 78 N. H. 4; Laws 1846, 327:4. This surely evidences a lack of fear by our Legislature and by our courts that permitting such suits would engender collusion or discord among the families within its borders. *Thompson* v. *Thompson, supra.* Professor Prosser, after attacking the arguments in support of interspousal immunity, states that "any such precarious structure . . . is likely sooner or later to develop cracks." Prosser, Law of Torts, *supra,* 884. As evidence thereof, he points to the ever increasing number of jurisdictions which "have rejected all arguments in justification of the immunity as specious [ and ] have thrown it completely overboard." *Id.,* 884; *Self* v. *Self,* 58 Cal. 2d. 683; *Klein* v. *Klein,* 58 Cal. 2d 692; *Cramer* v. *Cramer,* 379 P. 2d 95 ( Alaska 1963 ). See 79 Harv. L. Rev. 1650-1665; 40 So. Cal. L. Rev. 307, 316, 317.

This court has enforced the interspousal immunity doctrine of Massachusetts when the husband and wife were domiciled there at the time of the occurrence in New Hampshire of the event upon which suit was brought here. In such a case no right of action between the parties would have arisen under the law of their domicile. *Johnson* v. *Johnson,* 107 N. H. 30. In other words, under the guise of promoting federal felicity, we cannot subscribe to a view that the law of the domicile of the parties when an action is instituted should bar a suit by a wife against her husband instituted in New Hampshire to enforce a right of action which arose here from conduct of one spouse toward the other when they were domiciled in this state. *Clark* v. *Clark,* 107 N. H. 351, 354, 356-357. This, in our opinion, would constitute an unreasonable interference with our long-standing and well articulated policy of allowing a right of action to arise and suit to be brought between New Hampshire spouses as a result of negligent conduct of one toward the other.

The law of conflicts must remain flexible in an increasingly mobile society. However, such flexibility should not be achieved

at the expense of the reasonable predictability which results from the establishment with reasonable certainty of the legal rights and liabilities between the parties upon occurrence of an accident. This principle "from a standpoint of certainty, insurability, and discouragement of forum shopping makes sense, for the rule is not subject to change whenever the parties change their residence." 40 So. Cal. L. Rev., 307, 332. Determining the applicable law of interspousal immunity by the domicile of the parties at the time the wrong occurred and the right of action arose, will prevent the expansion or contraction of the rights and liabilities of the parties by a subsequent removal from that state, whether for valid reasons or for the purpose of forum shopping. See *Gore* v. *Northeast Airlines,* 373 F. 2d 717, 723 ( 2d Cir. 1967 ); 37 Conn. B.J. 520, 537, 538.

We are of the opinion that a denial of defendant's motion to dismiss plaintiff's action is in accordance with the choice-influencing considerations which apply to a case like the present. We hold that defendant's motion to dismiss should be denied.

*Remanded.*

All concurred.