Ruth **THAYER, in her capacity as Administrator of the Estate of William H. Thayer, Plaintiff,**

v.

**PERINI CORPORATION, Defendant.**

Civ. A. No. 3667.

United States District Court
D. Rhode Island.
July 28, 1969.

---

James M. Jerue, of Beals, Sweeney & Jerue, Providence, R. I., for plaintiff.

John G. Carroll, Providence, R. I., for defendant.

## OPINION

DAY, Chief Judge.

In this action the plaintiff, in her capacity as administrator of the estate of William H. Thayer, seeks to recover damages for the death of her intestate, for his conscious suffering from the injury which caused his death and for certain hospital and medical expenses allegedly incurred by the intestate.

Plaintiff's complaint contains four counts. In Count I she seeks to recover damages for his death. In Count II she seeks to recover the amount of medical and hospital expenses incurred by him as a result of his injuries prior to his death. Both of these counts purport to state claims under the provisions of Chapter 7 of Title 10 of the General Laws of Rhode Island, 1956, as amended, which is entitled "Death By Wrongful Act". In Count III she seeks to recover damages for his death and in Count IV she seeks to recover damages for his conscious pain and suffering prior thereto under the provisions of Sections 2 and 6 of Chapter 229 of the General Laws of Massachusetts.

In her complaint the plaintiff, after a recital of the requisite jurisdictional averments, alleges that she is a citizen of the State of Rhode Island and that she is the duly appointed administrator of the estate of William H. Thayer; that the defendant, Perini Corporation, is a corporation which is duly organized and existing under and by virtue of the laws of the Commonwealth of Massachusetts, and which maintains its principal place of business outside the State of Rhode Island; that on or about December 17, 1964, William H. Thayer was employed by the W. J. Halloran Steel Erection Company in the construction of the Coffer Dam, so-called, a hurricane barrier in the City of New Bedford, in the Commonwealth of Massachusetts; that at said time and place, the defendant, Perini Corporation, was the general contractor for the construction of said Coffer Dam; that it was the duty of the defendant to provide a safe working place for persons such as William H. Thayer who were employed in the construction of said Coffer Dam; that said defendant negligently and carelessly failed to provide him with a safe working place; and that as a direct result of defendant's negligence William H. Thayer sustained severe injuries which

caused his death on December 17, 1964; that at the time of his death William H. Thayer was survived by next of kin for whose benefit this action is brought; that on or before December 17, 1964, and to the present time, plaintiff has been and is a domiciliary and resident of Rhode Island; that on and before December 17, 1964, the said William H. Thayer was a domicilary and resident of Rhode Island; that on and before December 17, 1964, and continuing to the present time the next of kin of said William H. Thayer have been and are domiciliaries and residents of the State of Rhode Island.

This action is now before me upon the defendant's motion to dismiss plaintiff's complaint under Rule 12(b) (6). Federal Rules of Civil Procedure, for failure to state a claim upon which relief can be granted. In substance, the grounds of said motion are:

(1) The Massachusetts Wrongful Death Statute, General Laws, Ch. 229 is penal and will not be enforced in the courts of Rhode Island.

(2) Rhode Island conflict of laws principles preclude the provisions of the Rhode Island Wrongful Death Statute, General Laws of Rhode Island, 1956, §§ 10–7–1, 10–7–5 from being applied in this case.

(3) Defendant is immune from liability in this action because plaintiff's intestate was a "common employee" of the defendant in contemplation of law under the provisions of the Massachusetts Workmen's Compensation statute, General Laws of Massachusetts, Chapter 152, Sections 15 and 18.

In opposition to this motion, plaintiff contends that under the principles of conflict of laws enunciated by the Supreme Court of Rhode Island in Woodward v. Stewart, 1968, R.I., 243 A.2d 917, the Rhode Island Wrongful Death Statute and Workmen's Compensation Act should be applied here. Since there is no "common employment" immunity under Rhode Island law, plaintiff asserts it should not be applied in

this action as urged by the defendant. In addition, plaintiff contends that if Massachusets law is applicable in this case, "common employment" is an affirmative defense that must be established to the satisfaction of the jury and is not a ground for dismissal under said Rule 12(b) (6).

It is clear that the provisions of the death by wrongful act statute of Massachusetts differ materially from the provisions of the death by wrongful act statute of Rhode Island. The major differences are:

(1) Under the Massachusetts statute a recovery may not exceed $50,000 with a minimum recovery of $5,000 in the event a defendant is found liable. The Rhode Island statute imposes no maximum limit on a recovery and provides for a minimum recovery of $5,-000.

(2) The Massachusetts statute is penal in nature. It provides that damages shall be assessed against a defendant with reference to his degree of culpability. The Rhode Island statute is compensatory and recovery thereunder is measured by the extent of the loss sustained by the next of kin of the decedent.

Since the jurisdiction of this Court over this action is based upon diversity of citizenship and the existence of a controversy in the requisite amount, this Court is bound to apply the law which a Rhode Island court would apply if this action were being heard in a state court. Erie R. Co. v. Tompkins, 1938, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188. Similarly, this Court must follow the Rhode Island conflict of laws rules, Klaxon Company v. Stentor Electric Manufacturing Co., Inc., 1941, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477.

In Woodward v. Stewart, 1968, R.I., 243 A.2d 917, the Supreme Court of Rhode Island decided that it would not necessarily follow the *lex loci delicti* rule in tort conflicts cases, where, as to some particular issue another state has a more significant interest. In that case

the plaintiff sought to recover damages under the Rhode Island statute for the death of one Lewis E. Woodward III, which resulted from an automobile accident occurring on Interstate Route 195 in the Commonwealth of Massachusetts. The plaintiff's decedent was a passenger in an automobile owned by one of the defendants which was being operated with her consent by the other defendant. The decedent and the defendants were Rhode Island residents and were returning to Barrington, Rhode Island, from a trip to Newport, Rhode Island, which originated in Barrington but which included for the purposes of convenience a short trip through Seekonk, Massachusetts. At their intended exit from said interstate highway in Massachusetts, the automobile in which they were riding collided with another automobile also owned by a Rhode Island resident which was being operated with his consent by another Rhode Island resident.

In its opinion in Woodward v. Stewart, supra, at page 922, the Supreme Court of Rhode Island adopted the following guidelines to be employed in determining which state had a more significant interest with reference to a particular issue when faced with a conflict of laws situation:

"(1) Predictability of results.

(2) Maintenance of interstate and international order.

(3) Simplification of the judicial task.

(4) Advancement of the forum's governmental interest.

(5) Application of the better rule of law."

In concluding in view of the facts of that case that the host's duty of care to his passengers and the measure of damages to be applied were to be governed by the law of Rhode Island, the Supreme Court said at page 923:

"Turning finally to a consideration of the instant case, the facts present a relatively simple conflicts situation under the flexible approach hereby adopted. Both Massachusetts and Rhode Island have wrongful death statutes. It is only this court's holding in McGrath v. Tobin, 81 R.I. 415, 103 A.2d 795, and the penal aspects of the Massachusetts statute that create an apparent conflict between the laws of the two states. All the interest factors, other than the fortuitous locus of the accident, point to the application of Rhode Island law. All the parties involved were Rhode Island residents, their trip started in Rhode Island and was to end in Rhode Island, the guest-host relationship arose in Rhode Island and suit was commenced in Rhode Island. Massachusetts, therefore, would appear to have no interest in the outcome of this case other than how it might impinge on that commonwealth's determination of what constitutes negligent operation of motor vehicles on its highways. Accordingly the defendants' alleged wrongful conduct is to be judged by the law of Massachusetts, but the host's duty of care to his passengers and the measure of damages to be applied are to be governed by the law of Rhode Island. And, while on the record before us there appears to be no other issue raising a genuine conflict of laws, should another conflict arise in the course of this litigation, the court should apply the law of Rhode Island unless counsel can, in accordance with the guidelines set out in this opinion, convince the court that Massachusetts has a more significant interest."

Subsequent to the decision of the Supreme Court of Rhode Island in Woodward v. Stewart, supra, a similar conflict of laws problem was considered and decided by this Court in Tiernan v. Westext Transport, Inc. et al., 1969, D.C.R. I., 295 F.Supp. 1256. The two actions involved therein arose out of an automobile collision on a public highway in Massachusetts in which plaintiff's intestate was killed. The latter was a resident of Rhode Island and was returning to Rhode Island where he died shortly thereafter as a result of injuries sus-

tained by him in said collision. None of the other parties involved in said collision had any connection with Rhode Island or Massachusetts at the time of said collision. In weighing the respective interests of Massachusetts and Rhode Island in the outcome of the issues in said case as outlined in Woodward v. Stewart, supra, Judge Pettine held at Page 1264:

"The weighing of interests in this case is a bit more complex task than that of the court in *Woodward* but not as troublesome as could be imagined. Focusing on Massachusetts, it must be concluded that its interests are limited. Massachusetts' only genuine relevant contact is that the accident from which the plaintiff's decedent died, occurred there. Given that contact, it is questionable whether any Massachusetts' interest would be furthered by the application of Massachusetts law. There is no Massachusetts defendant to be protected by the statute's recovery limitation, and it can hardly be supposed that deterrence of recklessness on the Massachusetts highways will result from the imposition of a $50,000 ceiling in a case in which over $450,000 is sought. On the other hand, Rhode Island's interest in compensation as both *parens patrie* and family supporter is furthered by the application of Rhode Island substantive law. In addition, there can be little argument that compensatory wrongful death statutes are preferred to their punitive counterparts. Thus, the court holds that Rhode Island General Laws §§ 10–7–2, 5, as amended, 1956, are the controlling substantive laws. * * *"

In the more recent case of Brown, Jr., Admr. v. Church Of the Holy Name Of Jesus et al., 1969, R.I., 252 A.2d 176, the Supreme Court of Rhode Island affirmed the rationale of Woodward v. Stewart, supra, and the principles to be applied in determining what law should govern the determination of the issues involved therein. Plaintiff's intestate had died in a drowning accident while participating in an outing conducted under the auspices of the defendant church. All of the parties were Rhode Island residents but said death occurred in Massachusetts.

While acknowledging there was a distinction between the fortuitous aspect of the accident in Woodward v. Stewart, supra, and the accident in the case under consideration, the Supreme Court held that the place of the accident was only one of the significant factors to be considered in the weighing of the multiple factor concept.

It further held that the factors to be taken into account were as set out in Restatement (Second) of Conflicts § 145(a) (Proposed Official Draft 1968), viz:

"(a) the place where the injury occurred.

(b) the place where the conduct causing the injury occurred.

(c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and

(d) the place where the relationship, if any, between the parties is centered."

Applying the guidelines adopted in Woodward v. Stewart, supra, the Supreme Court held that since all the parties were residents of Rhode Island and their relationship was apparently centered there, only Rhode Island was concerned with the ultimate result and that the Rhode Island wrongful death act was applicable. It did, however, find that Massachusetts had a more significant interest in whether the defendants' alleged tortious conduct constituted negligence within its borders and that at trial the test to be applied would be what constitutes ordinary negligence in Massachusetts.

Accepting the allegations of the plaintiff's complaint as true, it is clear that except for the fact that the decedent was a citizen and resident of Rhode Island at the time of his injuries and death, the facts of this case make it clearly distin-

guishable from each of the above cited cases.

In the instant case, the defendant is a Massachusetts corporation. The defendant's alleged tortious conduct causing the injuries to and death of the decedent occurred in Massachusetts during the construction by the defendant of said coffer dam upon which the decedent was working at the time he was injured and killed. The relationship between the decedent and the defendant was centered in Massachusetts.

Section 175 of the Restatement (Second) of Conflicts (Proposed Official Draft 1968) reads as follows:

"Right of Action for Death. In an action for wrongful death, the local law of the state where the injury occurred determines the rights and liabilities of the parties unless, with respect to a particular issue, some other state has a more significant relationship to the occurrence and the parties, in which event the local law of the other state will be applied."

From the preceding recital of the facts of this case, it is clear that Rhode Island's only significant relationship to the occurrence and parties is that the decedent was a citizen and resident of that state, and that his next of kin are likewise citizens and residents of Rhode Island. In my opinion the guidelines set forth in Woodward v. Stewart, supra, do not dictate the application of the Rhode Island death by wrongful act statute to this case. The injuries which caused the decedent's death were sustained by him as a result of the alleged negligence of the defendant, a Massachusetts corporation, within the borders of Massachusetts. The relationship between the decedent and the defendant was centered there. While Rhode Island has significant interest in this case, it is my opinion that Massachusetts has the most significant interest in this case in the determination of the issues of negligence and the measure of damages for any recovery as a result of such negligence. If it were otherwise, Massachusetts citizens and corporations organized under its laws and carrying on business and industrial activities within its boundaries could be subjected to different levels of financial responsibility for acts done in Massachusetts depending upon the state of which the injured person was a resident. Such a result would be highly undesirable and inimical to the maintenance of interstate order. Massachusetts law and policy would be offended by the application of the Rhode Island death by wrongful act statute to this case.

■ Finding, as I do, that said Rhode Island statute is not applicable to this case, it follows that Count I and Count II fail to state claims upon which relief can be granted. Accordingly the defendant's motion to dismiss Counts I and II is granted.

In McGrath Ex'r. v. Tobin, 1954, 81 R.I. 415, 103 A.2d 795, the Supreme Court of Rhode Island held that said Massachusetts death by wrongful act statute was penal in nature and unenforceable in the courts of Rhode Island. In that case the plaintiff similarly sought to recover damages for the death of his testator and for his conscious suffering from the same injury that caused his death. Insofar as the penal aspects of said statute are concerned, there has been no change in its provisions since McGrath Ex'r. v. Tobin, supra. Although counsel for the Plaintiff in Brown v. Church Of the Holy Name Of Jesus et al., supra, contended that said Supreme Court should overrule its prior holding that said Massachusetts statute was unenforceable in the courts of Rhode Island, it refrained from doing so.

■ Since an action for damages for death by wrongful act or for conscious suffering from the same injury that caused said death under the provisions of said Massachusetts statute may not be maintained in the courts of Rhode Island, neither of such actions may be maintained in this Court. Erie R. Co. v. Tompkins, supra.

In my opinion Count III and Count IV fail to state claims upon which relief can be granted. The defendant's motion to dismiss Count III and Count IV is likewise granted.

## APPENDIX

The following is the statutory law of Rhode Island and Massachusetts relating to actions for death by wrongful act to which reference is made in the opinion in this case.

R.I.Gen.Laws, Ch. 7, Sec. 10–7–1 reads:

"Liability for damages for causing death—Whenever the death of a person shall be caused by the wrongful act, neglect, or default of another, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, the person who, or the corporation which, would have been liable if death had not ensued shall be liable to an action for damages, notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances as amount in law to a felony."

R.I.Gen.Laws, Ch. 7, Sec. 10–7–2 reads:

"Action by executor or administrator—Persons benefited—Commencement of action—Minimum Recovery— Every such action shall be brought by and in the name of the executor or administrator of such deceased person, whether appointed or qualified within or without the state, and the amount recovered in every such action shall one-half (½) thereof go to the husband or widow, and one-half (½) thereof to the children of the deceased, and if there be no children the whole shall go to the husband or widow, and, if there be no husband or widow, to the next of kin, in the proportion provided by law in relation to the distribution of personal property left by persons dying intestate. Provided, that every such action shall be commenced within two (2) years after

the death of such person; and provided, further, whenever any person or corporation is found liable under §§ 10–7–1 to 10–7–4 inclusive, he or it shall be liable in damages in the sum of not less than five thousand dollars ($5,000).

R.I.Gen.Laws, Ch. 7, Sec. 10–7–5 reads:

"Liability for medical expenses and diminution of earning power—Whenever the death of a person shall be caused by the wrongful act, neglect, or default of another, and the act, neglect, or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, the person who, or the corporation which, would have been liable if death had not ensued shall be liable to an action for damages, in addition to the one provided for under §§ 10–7–1 to 10–7–4 inclusive, for the hospital, medical and other expenses incurred, including diminution of earning power until time of death, by or in behalf of the party injured by reason of such wrongful act, neglect or default, notwithstanding the death of the person injured and although the death shall have been caused under such circumstances as amount in law to a felony."

Mass.Gen.Laws, Ch. 229, Sec. 2, provides in pertinent part:

"Damages for Death By Negligence, etc.; General Provisions. A person who (1) by his negligence causes the death of a person in the exercise of due care, or (2) by wilful, wanton or reckless act causes the death of a person under such circumstances that the deceased could have recovered damages for personal injuries if his death had not resulted * * * shall be liable in damages in the sum of not less than five thousand nor more than fifty thousand dollars, to be assessed with reference to the degree of his culpability and distributed as provided in section one; * * *. A person shall be liable for the negligence or the wilful, wanton or reckless act of

his agents or servants while engaged in his business to the same extent and subject to the same limits as he would be liable under this section for his own act, except that the damages shall be assessed with reference to the degree of culpability of his agents or servants. Damages under this section shall be recovered in an action of tort by the executor or administrator of the deceased. No recovery shall be had under this section for a death which does not occur within two years after the injury which caused the death. \* \* \*"

Mass.Gen.Laws, Ch. 229, Sec. 6, provides in pertinent part:

"Count for Conscious Suffering in Action for Death.

"In any civil action brought under section two or five A, damages may be recovered under a separate count at common law for conscious suffering resulting from the same injury, but any sum so recovered shall be held and disposed of by the executors or administrators as assets of the estate of the deceased. \* \* \*"