Rockingham
No. 6654

FRANCES M. MAGUIRE, ADMINISTRATRIX,
ESTATE OF WILLIAM MAGUIRE

v.

EXETER & HAMPTON ELECTRIC COMPANY

September 30, 1974

*Flynn, Powell, McGuirk & Blanchard* and *J. Christopher McGuirk (Mr. McGuirk* orally) for the plaintiff.

*Sulloway, Hollis, Godfrey & Soden* and *John C. Ransmeier (Mr. Ransmeier* orally) for the defendant.

GRIFFITH, J. This is an action to recover for the wrongful death of William Maguire, late of Kittery, Maine, who died as a result of an accident at Seabrook, New Hampshire, while in the employ of McKenna Associates, a Portsmouth, New Hampshire firm, engaged in a survey to determine the height of electricity lines owned by the defendant. Plaintiff's decedent was killed on June 26, 1969, when a metal rod he was holding came in contact with a power line owned by the defendant. William Maguire was twenty-four years old on the date of his death and was not survived by a widow, minor children, or dependent father and mother.

The Trial Court (*Mullavey,* J.) transferred in advance of trial the question whether the issue of damages was controlled by the law of New Hampshire or the law of Maine. On the date of the accident, Laws 1967, ch. 344 amending RSA 556:13 was in effect in New Hampshire and limited damages in a death action when there are no dependents to twenty thousand dollars. The Maine death statute contained no limitation on recovery. We hold that the law of New Hampshire governs the issue of damages in this case.

Since this court abandoned the place of accident rule as the sole determinative factor for choice of law in tort actions in *Clark v. Clark,* 107 N.H. 351, 222 A.2d 205 (1966), parties and trial judges have shown an understandable reluctance to make a final choice of law in advance of trial. In order to avoid the new trial which would necessarily result from an incorrect choice of law, transfers in advance of trial to determine the applicable law have become commonplace. *See, e.g., Doiron v. Doiron,* 109 N.H. 1, 241 A.2d 372 (1968); *Schneider v. Schneider,* 110 N.H. 70, 260 A.2d 97 (1969); *Taylor*

*v. Bullock,* 111 N.H. 214, 279 A.2d 585 (1971); *Gagne v. Berry,* 112 N.H. 125, 290 A.2d 624 (1972). The plaintiff states that in the present case the charge to the jury on damages would be the same whether New Hampshire or Maine law applied, since the jury under the New Hampshire statute is not informed of the limitation on recovery. If this is correct, choice of law would be required only in the event of a verdict for the plaintiff and then only if the verdict were in excess of twenty thousand dollars, and there was no need of a determination before trial. While we would not refuse to make the determination on any transfer in advance of trial, we suggest that, in the future, consideration should be given by the parties to whether a transfer in advance of trial "rather than expedite inexpensively may delay expensively." *See Exeter & Hampton Electric Co. v. Public Utilities Commission,* 108 N.H. 358, 360, 236 A.2d 486, 488 (1967). Hopefully as we "develop 'principles of preference' based upon the relevant considerations to guide us more exactly" (*Clark v. Clark,* 107 N.H. 351, 357, 222 A.2d 205, 210 (1966)) they may be more readily and easily applied at the trial level. *See* Reese, *Choice of Law: Rules or Approach,* 57 Cornell L. Rev. 315 (1972).

*Clark v. Clark* determined that choice of law decisions should be based on relevant choice-influencing considerations. These factors were discussed at some length in the *Clark* case and summarized in *Doiron v. Doiron,* 109 N.H. 1, 3, 241 A.2d 372, 373 (1968).

In the present case the accident happened in New Hampshire and involved a New Hampshire defendant. The decedent was a Maine resident employed by a New Hampshire employer. Unlike automobile accidents and airplane accidents where the place of accident has been characterized as "fortuitous" (*Tiernan v. Westext Trans., Inc.,* 295 F. Supp. 1256 (D.R.I. 1969); *Woodward v. Stewart,* 104 R.I. 290, 243 A.2d 917 (1968); *Griffith v. United Air Lines, Inc.,* 416 Pa. 1, 203 A.2d 796 (1964)), the place of employment in New Hampshire was not "fortuitous" but stable and chosen.

In the choice of law factors, only the concern of Maine that the heirs of the decedent receive fair and adequate consideration is a factor. While this may well be a major factor

in an automobile accident in a State with limitation of recovery involving residents of another State having no limitation of recovery (*Fox v. Morrison Motor Freight, Inc.*, 25 Ohio St. 2d 193, 267 N.E.2d 405 (1971)), it lacks significance where the accident arises from the predominantly localized activity of a New Hampshire defendant.

A consideration listed in the relevant choice-influencing considerations in *Clark v. Clark*, 107 N.H. 351, 222 A.2d 205 (1966), is our preference for the "better rule of law in conflict cases" *(Id.* at 355, 222 A.2d at 209), when the choice is open to us. Candor compels the admission that this case is the other side of the coin from the *Clark* case where we concluded that our own rule of law was preferable. While we would hesitate to characterize statutory limitations on recovery as "absurd and unjust", as does New York (*see Kilberg v. Northeast Airlines, Inc.*, 9 N.Y.2d 34, 40, 172 N.E.2d 526, 528 (1961)), it is apparent that our limitation death statute lies in the backwater of the modern stream. A recent federal case lists New Hampshire as one of only seven States remaining with an outright limit on recovery. *Rosenthal v. Warren*, 475 F.2d 438 (2d Cir. 1973). The erosion in our own statutory limitations may be seen in Laws 1971, ch. 490 increasing the limit from twenty thousand dollars to thirty thousand dollars to the decedent's estate where there are no dependents and from sixty thousand dollars to one hundred and twenty thousand dollars where there are; followed by Laws 1973, ch. 142 increasing the limit to fifty thousand dollars in nondependency cases and removing all limitations in dependency cases.

While the choice of the better law is an important consideration when the choice is open to us, we have not applied our law even where we thought it to be the "better law", when other factors outweighed its application. *Johnson v. Johnson*, 107 N.H. 30, 216 A.2d 781 (1966). What this case comes down to is that the only relationship or contact with Maine is the fact that decedent was a resident of Maine. Surely this is not enough, standing alone, to warrant the application of Maine law to the issue of damages. Restatement (Second) Conflict of Laws § 175 (1971); Annot., 92 A.L.R.2d

1180 (1963); Annot., 29 A.L.R.3d 603 (1970). Wisconsin, Minnesota, and Rhode Island have adopted our choice of law guidelines. *Heath v. Zellmer,* 35 Wis. 2d 578, 151 N.W.2d 664 (1967); *Milkovich v. Saari,* 295 Minn. 155, 203 N.W.2d 408 (1973); *Woodward v. Stewart,* 104 R.I. 290, 243 A.2d 917 (1968). Federal courts applying the Wisconsin rule and the Rhode Island rule to death actions on facts similar to this case have applied the law of the employer's place of business where the accident happened rather than the law of the decedent's residence. *Satchwill v. Vollrath Co.,* 293 F. Supp. 533 (E.D. Wis. 1968); *Thayer v. Perini Corp.,* 303 F. Supp. 683 (D.R.I. 1969). See also applying the New Hampshire rule in accident cases involving New Hampshire resident employed by Massachusetts employer in Massachusetts accident and holding Massachusetts law governing. *Barrett v. Foster Grant Co.,* 450 F.2d 1146 (1st Cir. 1971). *See also Ciprari v. Aereos Cruzeiro,* 245 F. Supp. 819 (S.D.N.Y. 1965); *Tramontana v. S.A. Empresa DeViacao Aerea Rio Grandense,* 350 F.2d 468 (D.C. Cir. 1965).

The recent case of *Rosenthal v. Warren,* 475 F.2d 438 (2d Cir. 1973), is contrary to the result we reach in this case. There, a two-to-one decision applied the New York law in a death action brought by a New York resident who died as a result of an operation performed in a Massachusetts hospital by a Massachusetts defendant doctor. Assuming this correctly interprets the New York law, an assumption denied by the dissent, it appears to stand for the strong New York public policy against damage limitations which has triumphed over contrary policies of sister States in every case in that forum where a New York domiciliary has brought suit. *Cf. Bannowsky v. Krauser,* 294 F. Supp. 1204 (D. Colo. 1964).

*Remanded.*

All concurred.