Hillsborough
No. 80-423
No. 82-042

DONALD LaBOUNTY

v.

AMERICAN INSURANCE COMPANY & a.

RONALD THOMPSON

v.

DONALD LaBOUNTY

August 17, 1982

*Howard J. Nedved*, of Nashua, by brief for the plaintiff Donald LaBounty.

*Ouellette, Hallisey & Dibble P.A.*, of Dover (*William L. Tanguay* and *Dennis L. Hallisey* on the brief, and *Mr. Hallisey* orally), for the defendant American Insurance Company.

*Augustine J. McDonough P.A.*, of Manchester (*A. J. McDonough*

on the brief, and *Kenneth G. Bouchard* orally), for the defendant United States Fire Insurance Company.

*LaFlamme, Champagne & Moquin P.A.*, of Manchester (*Elizabeth R. Jones* on the brief, and *Richard C. Moquin* orally), for the plaintiff Ronald Thompson.

*Devine, Millimet, Stahl & Branch P.A.*, of Manchester (*Michael F. Aylward* on the brief and orally), for the defendant Donald LaBounty.

*Ransmeier & Spellman*, of Concord (*Lawrence S. Smith* on the brief and orally), for the intervenor Fireman's Fund Insurance Company.

BATCHELDER, J. This appeal involves two related cases that were consolidated by this court. The first case is a declaratory judgment action concerning the amount of coverage that the American Insurance Company (American) owed its insured, Donald LaBounty. The Master (*Earl Dearborn*, Esq.) recommended, and the Superior Court (*Flynn*, J.) approved, a finding that the American Insurance Company was required to provide LaBounty with coverage up to $500,000. In the second case, the underlying tort action, the question transferred without ruling by the Superior Court (*Flynn*, J.) is whether Massachusetts or New Hampshire law should be applied to the action against a co-employee. Because Maine also has a substantial interest, we have included that State in our analysis. Application of Massachusetts or Maine law would bar the suit; New Hampshire law, at the time of the accident, would have permitted it. For the reasons stated below, we hold that the suit is barred. Because of our decision in the second case, we need not decide the first case.

The relevant facts are not in dispute. Ronald Thompson and Donald LaBounty, both residents of New Hampshire, were employed by Atlantic Roofing & Skylight Works, Inc. (Atlantic), a Massachusetts corporation. On September 17, 1976, while working on a job site in Rumford, Maine, Ronald Thompson was struck and injured by a company-owned car driven by Donald LaBounty. Thompson then instituted suit in Hillsborough County against LaBounty in April 1977. Shortly thereafter, a lawyer hired by American specially appeared for LaBounty. Thompson applied for workmen's compensation in New Hampshire, but could not find a carrier who would admit coverage. He then applied for workmen's compensation in Massachusetts and was awarded a lump-sum settlement of $73,495.

In November 1978, American, Atlantic's principal motor vehicle

insurance carrier, notified LaBounty that it would be liable only for up to $20,000 coverage, not the $500,000 policy limit. American argued that United States Fire Insurance Company, Atlantic's commercial comprehensive catastrophe insurance carrier, was liable for any excess liability. In June 1979, LaBounty filed declaratory judgment actions against both carriers to determine the amount of his coverage. The trial court ruled that, because American waited more than six months to contest its liability, it was precluded from limiting its coverage.

LaBounty's counsel, supplied by American, continued preparation for trial in the underlying tort action. In March 1979, Thompson's lawyer filed a pretrial statement that offered to stipulate that New Hampshire law would apply. In May 1979, LaBounty's lawyer filed a pretrial statement agreeing that New Hampshire law applied. It was not until November 19, 1981, less than one month before trial was to begin, that LaBounty's lawyer filed a motion to dismiss, arguing that Massachusetts law, barring a suit between co-employees, should be applied. The trial court transferred the choice-of-law question to this court without ruling.

The issue we must decide is whether the law of Massachusetts, Maine, or New Hampshire should be applied to the tort action brought by Thompson against LaBounty. While Thompson urges that New Hampshire law should be applied and LaBounty contends that Massachusetts law should control, we will not be restricted to the choice of the parties where it is clear that the interests of another State—Maine—are also involved. The parties have supplied sufficient facts for us to analyze the interests of all three States.

In a choice-of-law question, this court has rejected the traditional *lex loci delicto* rule that the law of the forum where the injury occurs is paramount and instead has considered five choice-influencing considerations: (1) the predictability of results; (2) the maintenance of reasonable orderliness and good relationships among the States in the federal system; (3) simplification of the judicial task; (4) advancement of the governmental interest of the forum; and (5) the court's preference for what it regards as the sounder rule of law. *Gordon v. Gordon*, 118 N.H. 356, 358, 387 A.2d 339, 340 (1978); *Doiron v. Doiron*, 109 N.H. 1, 3, 241 A.2d 372, 373 (1968); *Clark v. Clark*, 107 N.H. 351, 354–55, 222 A.2d 205, 208–09 (1966). *See generally* Wood, *New Hampshire's Evolving Conflict of Laws Doctrine*, 17 N.H.B.J. 43, 46–76 (1975); Leflar, *Conflicts Law: More on Choice—Influencing Considerations*, 54 CALIF. L. REV. 1584, 1586–88 (1966); Leflar, *Choice-Influencing Considerations in Conflicts Law*, 41 N.Y.U. L. Rev. 267, 279–304 (1966).

■ Predictability of results relates primarily "to consensual transactions, in which it is important that parties be able to know in advance what law will govern a transaction so that they can plan it accordingly." *Clark v. Clark*, 107 N.H. at 354, 222 A.2d at 208. While this consideration usually has little to do with accident cases, since they are not planned, *Gagne v. Berry*, 112 N.H. 125, 130, 290 A.2d 624, 627 (1972); *Clark v. Clark*, 107 N.H. at 354, 222 A.2d at 208, it carries more weight in this case because of additional factors not ordinarily present in automobile or airplane accidents. These factors, analyzed below, support the application of Maine or Massachusetts law. Maine was the place of the accident. *See Stephan v. Sears Roebuck & Co.*, 110 N.H. 248, 251, 266 A.2d 855, 858 (1970). When Thompson and LaBounty were hired, their employment contracts were intended to be carried out in Maine. Although the employment in Maine was not to be permanent, it was deliberate rather than being simply "fortuitous." *See Maguire v. Exeter & Hampton Elec. Co.*, 114 N.H. 589, 591, 325 A.2d 778, 779 (1974). LaBounty argues that great weight should be given to the State of his employer's incorporation (Massachusetts) and the State where his employer's workmen's compensation policy was issued (Massachusetts). While we agree that these factors are relevant, overreliance on these factors would mean that the law of the site of the employer's home office would almost always be controlling. We assign little weight to the place of registration of the vehicle or the place where the automobile insurance policy was issued. Given Atlantic's operations throughout the Northeast, Atlantic must have contemplated that the vehicle would be used in any of several States.

■ The defendant argues that because workmen's compensation was awarded in Massachusetts, that State's interest is paramount. Thompson, however, had first applied for benefits in New Hampshire and only went to Massachusetts because he could not find an insurance carrier that would admit coverage. Furthermore, workmen's compensation may constitutionally be sought in any of the States with a legitimate interest in the employment relationship (State of employment contract, State of employment injury, or State of employee's residence). *See Pacific Ins. Co. v. Comm'n.*, 306 U.S. 493, 500 (1939); *Alaska Packers Assn. v. Comm'n.*, 294 U.S. 532, 549–50 (1935).

■ Regarding maintenance of reasonable orderliness and good relationships among the States in the federal system, no more is required than that a court not apply the law of a State which does not have a substantial connection with the total facts and the

particular issue being litigated. *Clark v. Clark*, 107 N.H. at 354, 222 A.2d at 208. We find that Massachusetts, Maine and New Hampshire are all sufficiently connected with the facts and legal issues to warrant further scrutiny.

■ With regard to the simplification of the judicial task, this consideration carries little weight in this case. The only real question involved is the availability of a tort action against a co-employee. If no such action may be maintained, then the suit will be dismissed. If the action is permitted, then it will present issues regularly decided by our courts in tort suits.

■ The advancement of the forum's governmental interest is a significant consideration in a choice-of-law question. In this case, however, New Hampshire's interest is minimal and arises only from the fact that the victim was domiciled in the State. Clearly, domicile is not enough standing alone to warrant application of New Hampshire law. *See Gordon v. Gordon*, 118 N.H. at 360, 387 A.2d at 342; *Maguire v. Exeter & Hampton Elec. Co.*, 114 N.H. at 592, 325 A.2d at 780; *accord, Barrett v. Foster Grant Co.*, 450 F.2d 1146, 1152 (1st Cir. 1971) (applying New Hampshire choice-of-law rules). This State's paramount interest is to see that accident victims receive some kind of compensation for their injuries.

The final consideration to which we look is our preference for applying the sounder rule of law. Massachusetts law prohibits a suit against a co-employee, M.G.L.A. ch. 152, § 15 (West Supp. 1982), even when the injury occurs out of State, *Saharceski v. Marcure*, 373 Mass. 304, 307 & n.3, 366 N.E.2d 1245, 1246 & n.3 (1977), and has long applied this rule. *See Bresnahan v. Barre*, 286 Mass. 593, 596–97, 190 N.E. 815, 816–17 (1934). Maine also has consistently prohibited such a suit. *See Bryant v. Phoenix Bridge Co.*, 43 F. Supp. 162, 163–64 (D. Me. 1942). At the time of the accident giving rise to this suit, New Hampshire permitted suits against co-employees, but since then, RSA 281:12 has been amended to restrict such suits. Laws 1978, 46:1.

■ Although this court has been critical of statutes limiting the recovery of tort victims, *see, e.g., Park v. Rockwell Int'l Corp.*, 121 N.H. 894, 900, 436 A.2d 1136, 1139–40 (1981); *Carson v. Maurer*, 120 N.H. 925, 939–44, 424 A.2d 825, 835–38 (1980), we cannot say that prohibiting suits against co-employees is an "unrepealed remnant of a bygone age," *Clark v. Clark*, 107 N.H. at 355, 222 A.2d at 209, or that the rule "lies in the backwater of the modern stream," *Maguire v. Exeter and Hampton Elec. Co.*, 114 N.H. at 592, 352 A.2d at 780. The trend in the last decade has increasingly been to bar such suits, 2A A. Larson, Workmen's Compensation

§ 72.00, .11, at 14-54 & 55 (1982), and presently, only eleven jurisdictions still permit such suits. *Id.*

After weighing the five *Clark* considerations, we have determined that the law either of Maine or of Massachusetts should be applied instead of the law of New Hampshire. Since both States would bar an action against a co-employee, there is a false conflict, and we need not decide which of these States' law should govern. We therefore hold that Thompson's suit against LaBounty is barred.

*Remanded.*

All concurred.